IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-65-D
No. 5:13-CV-751-D

| | |
|---|---|
| SHANNON THEARTHOR DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On October 25, 2013, Shannon Thearthor Davis ("Davis") moved to vacate, set aside, or correct his 108-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 39, 43]. On March 26, 2014, the government moved to dismiss Davis's section 2255 motion, or, in the alternative, for summary judgment [D.E. 49]. On April 11, 2014, Davis responded in opposition to the government's motion [D.E. 52]. As explained below, the court grants the government's motion to dismiss.

I.

On June 11, 2012, Davis pleaded guilty, pursuant to a waiver of indictment [D.E. 23] and a written plea agreement [D.E. 25], to conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. See [D.E. 5, 21]; Arraignment Tr. [D.E. 48] 31–32. On October 23, 2012, at Davis's sentencing hearing, this court calculated Davis's advisory guideline range to be 151 to 188 months' imprisonment. See Sentencing Tr. [D.E. 47] 5. The court then granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). See id. 6–7; [D.E. 28]. After considering the arguments of counsel, Davis's statement, and all of the factors under 18 U.S.C. §

3553(a), the court sentenced Davis to 108 months' imprisonment. See Sentencing Tr. 7–18; Judgment [D.E. 36]. The court entered the judgment on November 1, 2012. Davis did not appeal.

On October 25, 2013, Davis timely filed a section 2255 motion [D.E. 39, 43]. Davis raises three claims of ineffective assistance of counsel. Davis claims that his attorney provided ineffective assistance by (1) failing to move to suppress an unprotected statement that Davis made at the time of his arrest; (2) failing to object to the drug weight, which probation attributed to Davis based on his unprotected statement; and (3) failing to advise Davis that his "plea agreement was based on information from [his] unprotected statement[]." [D.E. 43] 4; see [D.E. 43-1] 2–7. In response, the government moves to dismiss Davis's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 49]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the

2

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotation omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 132 S. Ct. 1399, 1405 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012); Smith v. Murray, 477 U.S. 527, 535–36 (1986). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to counsel's ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Frye, 132 S. Ct. at 1409–10; Lafler, 132 S. Ct. at 1384–85; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court

3

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Davis claims that his attorney provided ineffective assistance by failing to move to suppress an unprotected statement that Davis made at the time of his arrest on November 23, 2011. See [D.E. 43-1] 2–3. The appellate waiver in Davis's plea agreement bars this claim. In his plea agreement, Davis agreed "to waive all rights to contest [his] conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting a[] . . . motion based upon grounds of ineffective assistance of counsel . . . not known to [Davis] at the time of [his] guilty plea." [D.E. 25] ¶ 2.c. An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Davis affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up through the waiver. See Arraignment Tr. 26–27. Thus, Davis's waiver was valid. Moreover, Davis reserved only the right to appeal or

4

file a section 2255 motion "based upon grounds of ineffective assistance of counsel . . . not known to [Davis] at the time of [his] guilty plea." [D.E. 25] ¶ 2.c. Davis pleaded guilty on June 11, 2012, more than six months after giving the unprotected statement that his attorney allegedly should have moved to suppress. Thus, Davis's claim falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces the waiver and dismisses Davis's first claim of ineffective assistance of counsel.

Alternatively, Davis's claim fails on the merits. Trial counsel's failure to file a suppression motion may form the basis of an ineffective-assistance-of-counsel claim, though it "does not constitute per se ineffective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). A meritorious constitutional issue is "necessary to the success of a Sixth Amendment claim." Id. at 382; cf. Hill, 474 U.S. at 59.

Davis contends that after his arrest, officers interrogated in him in custody without advising him of his Miranda rights. See [D.E. 43-1] 2–3. Davis, however, has failed to plausibly allege that he would not have pleaded guilty but for counsel's alleged failure to seek to suppress his statements. See, e.g., Bobby, 558 U.S. at 12; Knowles v. Mirzayance, 556 U.S. 111, 127–28; Strickland, 466 U.S. at 699–700. Thus, Davis has failed to plausibly allege prejudice.

Next, Davis claims that his attorney provided ineffective assistance by failing to object to the drug weight, which probation attributed to Davis based on his unprotected statement. See [D.E. 43-1] 4–5; Presentence Investigation Report ("PSR") [D.E. 32] ¶¶ 5, 7, 49. Davis does not plausibly allege either deficient performance or prejudice. His attorney's decision not to object to the drug weight is a tactical one entitled to deference. See Strickland, 466 U.S. at 689; see also Knowles, 556 U.S. at 127; Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Here, Davis's attorney sought to ensure that the government filed a motion under U.S.S.G. § 5K1.1 on Davis's behalf. Moreover,

5

his attorney's efforts were successful: the government did file a motion under section 5K1.1, the court granted the motion, and Davis received a sentence 43 months below the bottom end of his advisory guideline range. Thus, Davis does not plausibly allege that his sentence would have been any lower but for counsel's allegedly deficient performance. See, e.g., Strickland, 466 U.S. at 694. Accordingly, the court dismisses Davis's second claim of ineffective assistance of counsel.

Finally, Davis claims that his attorney provided ineffective assistance by failing to advise him that his "plea agreement was based on information from [his] unprotected statement[]." [D.E. 43] 4; see [D.E. 43-1] 6–7. Davis's final claim fails based on the Rule 11 proceeding. Regardless of what Davis's attorney told him about his plea agreement, the court advised Davis of the sole charge against him—conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack)—and of the maximum potential penalties associated with that charge. See Arraignment Tr. 20–22. Under oath, Davis stated that he understood the charge and the maximum potential penalties. See id. 21–22. Davis also stated that he understood the limitations on his right to withdraw his guilty plea once he entered it. See id. 29, 31. Finally, Davis stated that he understood the sentencing process, that any estimates about his sentence or the advisory guideline range were not binding on the court, and that the court could sentence him up to the statutory maximum of life imprisonment. See id. 22–31. Davis then pleaded guilty to the sole charge against him and admitted to committing the offense charged. See id. 31–32. The government then provided a factual basis for the plea, which included audio and video recordings of Davis's crack transactions and admissions of Davis. See id. 33. In light of the Rule 11 proceeding, Davis has failed to plausibly allege prejudice flowing from his attorney's alleged failure to inform him that his "plea agreement was based on information from [his] unprotected statement[]." [D.E. 43] 4; see, e.g., United States v. Foster, 68 F.3d 86, 87–88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175,

6

179–80 (4th Cir. 1993) (per curiam); United States v. Lambey, 974 F.2d 1389, 1391–96 (4th Cir. 1992) (en banc). Accordingly, the court dismisses Davis's final claim of ineffective assistance of counsel.

After reviewing the claims presented in Davis's motion, the court determines that reasonable jurists would not find the court's treatment of any of Davis's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 49], and DISMISSES Davis's section 2255 motions [D.E. 39, 43]. The court also DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This **29** day of July 2014.

JAMES C. DEVER III
Chief United States District Judge