IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-65-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SHANNON THEARTHOR DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

On June 11, 2012, pursuant to a written plea agreement, Shannon Thearthor Davis ("Davis")

pleaded guilty to conspiracy to distribute and possess with the intent to distribute 280 grams or more

of cocaine base (crack). See [D.E. 5, 21, 25]. On October 23, 2012, the court held Davis's

sentencing hearing. See [D.E. 35, 36]. At the hearing, the court adopted the facts set forth in the

Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court

calculated Davis's total offense level to be 29, his criminal history category to be VI, and his

advisory guideline range to be 151 to 188 months' imprisonment. See Resentencing Report. After

granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant

factors under 18 U.S.C. § 3553(a), the court sentenced Davis to 108 months' imprisonment. See id.;

[D.E. 36]. Davis did not appeal.

On May 4, 2015, Davis moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 56]. On November 18, 2015, Davis filed a

memorandum of law in support of his motion for a sentence reduction [D.E. 58]. Davis's new

advisory guideline range is 130 to 162 months' imprisonment, based on a total offense level of 27

and a criminal history category of VI. See Resentencing Report. Davis requests a 94-month

sentence. See id.; [D.E. 58] 1, 7.

The court has discretion to reduce Davis's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Davis's sentence, the court finds that Davis engaged in serious criminal behavior. See PSR [D.E. 32] ¶¶ 4–7. Moreover, Davis is a violent recidivist and has convictions for larceny, assault with a deadly weapon inflicting serious injury, breaking and entering, reckless driving to endanger, driving while impaired, simple assault, violation of a domestic violence protective order, larceny of motor fuel, and resisting a public officer. See id. ¶¶ 9–23. Davis also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 14–17, 38–46. Davis has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for being insolent to a staff member. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Davis received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Davis's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Davis's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

2

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Davis's motion for reduction of sentence [D.E. 56].

SO ORDERED. This ___ day of April 2018.

JAMES C. DEVER III
Chief United States District Judge